This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**November 13, 2023**

**No. S-1-SC-39746**

**INQUIRY CONCERNING A JUDGE**
**JSC Inquiry No. 2021-089**

**IN THE MATTER OF**
**HON. JAMES T. MARTIN**
**Third Judicial District Court**

**PUBLIC CENSURE**

**PER CURIAM.**

**{1}** This matter came before this Court on the Petition to Accept Stipulation Agreement and Consent to Discipline between the Judicial Standards Commission of the State of New Mexico (the Commission) and Respondent, Honorable James T. Martin, a district court judge in the Third Judicial District.

**{2}** We granted the petition and approved the terms of the Stipulation Agreement and Consent to Discipline (Stipulation), adopting the Commission's request that we issue a public censure. We now publish this public censure in the State Bar of New Mexico *Bar Bulletin* in accordance with our order, the Stipulation, and JSC Rule 36(C)(5) NMRA.

**I.     BACKGROUND**

**{3}** This disciplinary proceeding arose out of a criminal case, Cause No. D-307-CR-2018-00203, in which Judge Martin's daughter was the victim of an aggravated assault by use of a firearm. The criminal case proceeded to a two-day jury trial commencing on July 26, 2021. On the evening after the first day of trial, Judge Martin had a telephone conversation with Assistant District Attorney (ADA) Samuel Rosten. During that conversation, Judge Martin advised the ADA that he should use the phrase "brandish a firearm" or something similar in the court's jury instructions rather than asking the jury to find that the defendant "pointed a firearm" at Judge Martin's daughter. The next day, ADA Rosten submitted an amended jury instruction, for the court to consider, alleging that the defendant "brandished and/or pointed a deadly weapon" at Judge Martin's daughter.

**{4}** The jury found the defendant guilty of aggravated assault by use of a deadly weapon as charged in count I and a special verdict finding that a firearm was used in the commission of count I.

**{5}** After the verdict, Judge Martin and his daughter met with the ADA to discuss the case. During that meeting, Judge Martin admonished the ADA about whether or not the defendant had been remanded into custody after the verdict.

**{6}** After the defendant was sentenced, an appeal was filed in the criminal case, and this disciplinary proceeding followed.

**{7}** On July 20, 2022, the Commission filed a notice of formal proceedings against Judge Martin. Upon completion of the investigation, the Commission and Judge Martin entered into the Stipulation. As part of the Stipulation, Judge Martin admitted to engaging in the following acts, in violation of the Judicial Standards Commission Rules, as follows:

> A. On or about July 26, 2021, during a telephone conversation with Assistant District Attorney Samuel Rosten ("Mr. Rosten"), and after reviewing the proposed jury instructions filed in the court's electronic filing system in Cause Number D-307-CR-2018-00203, a case in which Judge Martin's daughter was the alleged victim, Judge Martin advised Mr. Rosten to use the term "brandished a firearm" in his jury instructions rather than asking the jury to find the [d]efendant "pointed a firearm" at the alleged victim, Judge Martin's daughter.

> B. On or about July 27, 2021, after the verdict in Cause Number D-307-CR-2018-00203, Judge Martin engaged in a conversation with Mr. Rosten and his co-counsel Assistant District Attorney Spencer Willson (Mr. Willson) after they were informed that Judge Martin and his daughter wanted to speak to them. Both Mr. Rosten and Mr. Willson left the courtroom to speak with Judge Martin and his daughter in a room down the hall from the courtroom. Before Mr. Rosten and Mr. Willson arrived, [Judge Martin] and [his] family had been advised that the defendant had been remanded to custody, but once Mr. Rosten and Mr. Willson arrived, [Judge Martin] did admonish Messrs. Rosten and Willson, "Good thing he was remanded, otherwise I would have told you to go back in there and try again."

> C. On or about July 26-27, 2021 during the trial in Cause Number D-307-CR-2018-00203, Judge Martin allowed his daughter, the alleged victim and witness in the case, to use his chambers while waiting for her opportunity to testify.

**{8}** Judge Martin agreed and admitted that his conduct violated the following Rules of the Code of Judicial Conduct:

- Rule 21-101 NMRA (requiring compliance with the law).
- Rule 21-102 NMRA (promoting confidence in the judiciary).
- Rule 21-103 NMRA (avoiding abuse of the prestige of judicial office).
- Rule 21-204(B) NMRA (prohibiting influence of family relationships on judicial conduct).
- Rule 21-206 NMRA (ensuring the right to be heard).
- Rule 21-210 NMRA (regarding a judge's prohibition on making statements on pending or impending cases).

Based upon these admitted violations, Judge Martin agreed to receive a public censure to be published in the State Bar of New Mexico *Bar Bulletin*. For the reasons discussed below, we issue this censure.

## II.     DISCUSSION

**{9}**    Article VI, Section 32 of the New Mexico Constitution provides that "any justice, judge or magistrate of any court may be disciplined or removed for willful misconduct in office." "Willful misconduct in office is improper and wrong conduct of a judge acting in his official capacity done intentionally, knowingly, and, generally in bad faith. It is more than a mere error of judgment or an act of negligence." *In re Schwartz*, 2011-NMSC-019, ¶ 12, 149 N.M. 721, 255 P.3d 299 (brackets, internal quotation marks, and citation omitted). In order to warrant discipline, the evidence must establish proof that the violations of the Code of Judicial Conduct were willful. *Id.* Willful conduct must be established by clear and convincing evidence before the Court will impose discipline. *Id.* However, "[t]here need not be clear and convincing evidence to support each and every [allegation or fact]. Rather, we must be satisfied by clear and convincing evidence that there is willful judicial misconduct which merits discipline." *In re Castellano*, 1995-NMSC-007, ¶ 37, 119 N.M. 140, 889 P.2d 175; *see also In re Schwartz*, 2011-NMSC-019, ¶ 13.

**{10}**    In this case, Judge Martin denies committing willful misconduct in office; however, he agrees and stipulates that the Commission and this Court, looking at the facts, evidence and totality of the circumstances, could find willful misconduct in office and violations of the Code of Judicial Conduct in office, which provides sufficient basis to impose discipline pursuant to Article VI, Section 32 of the New Mexico Constitution. We agree that, under the circumstances of this case, Judge Martin's conduct merits discipline, and for that reason, he should be formally reprimanded by public censure.

**{11}**    The preamble to the Code of Judicial Conduct states, "An independent, fair, and impartial judiciary is indispensable to our system of justice." Rule 21-001 NMRA. To promote the public's trust and to maintain and enhance confidence in the legal system, "[j]udges should maintain the dignity of judicial office at all times and avoid both impropriety and the appearance of impropriety in their professional and personal lives." *Id.* The principles of the Code of Judicial Conduct require a judge to behave in a manner that promotes public confidence, in the judiciary, in all matters, both public and private. *Id.* This responsibility includes avoiding both actual impropriety and the appearance of

impropriety, which would erode the public's confidence in the legal system. *Id.* "The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge violated [the Code of Judicial Conduct] or engaged in other conduct that reflects adversely on the judge's honesty, impartiality, temperament, or fitness to serve as a judge." Rule 21-102 comm. cmt. 5.

**{12}** We recognize that when the family member of a judicial officer becomes enmeshed in the legal system, it can be stressful for everyone involved. This is especially true when the family member is the victim of a violent crime. The natural impulse of parents is to provide comfort, reassurance, and protection for their children. In this case, Judge Martin may have felt that he was acting in the best interest of his daughter, however, judges, unlike other parents are held to a higher standard. *See* Rule 21-001. Based upon his experience, Judge Martin recognized a mistake of law in the ADA's proposed jury instructions. Judge Martin believed that he was acting in his daughter's best interest by pointing out the mistake. Judge Martin's actions created an appearance of impropriety, which should not be ignored.

**{13}** In regard to the conversation between Judge Martin and the ADA after the verdict, we must again conclude that this creates an appearance of impropriety. While we recognize that emotions may have been running high after the verdict, we again must counsel the judiciary that judges are held to a higher standard. *See id.* Due to the imbalance of power between a judge and a litigator, a judge must always promote confidence in the judiciary. *See id.* Therefore, Judge Martin's admonitions to the ADA created both an actual impropriety and an appearance of impropriety.

**{14}** Finally, with respect to the third allegation that Judge Martin allowed his daughter, who was both the victim and the witness in the criminal case, to use his chambers while waiting for her opportunity to testify, this also creates an appearance of impropriety. The trial in the criminal case occurred during the COVID-19 pandemic, and pursuant to this Court's order,[1] the Third Judicial District courthouse was under restrictions, which limited the public's access to the facilities. Therefore, Judge Martin inappropriately allowed his daughter to remain in his chambers until called to testify. Because of the limited public access to the court facilities, this may not have created an actual appearance of impropriety, it did however create a potential for an appearance of impropriety. Therefore, Judge Martin's conduct cannot be condoned.

**{15}** Judge Martin denies that his actions created a willful violation of the Rules of the Code of Judicial Conduct; however, he agrees that when an independent arbiter of the facts uses the totality of the circumstances, his conduct could be construed as willful misconduct in office. In imposing this level of discipline, this Court looks at various factors including "the nature of the misconduct and patterns of behavior[,] . . . the seriousness of the transgression, the facts and circumstances that existed at the time of the transgression, the extent of any pattern of improper activity, whether there have been previous violations, and the effect of the improper activity upon the judicial system

---

[1]NMSC Order No. 21-8500-015 (June 29, 2021), https://www.nmcourts.gov/wp-content/uploads/2021/06/Order-No_-21-8500-015-and-Amended-PHE-Protocols-29-Jun-21.pdf

or others." *In re Schwartz*, 2011-NMSC-019, ¶ 25 (internal quotation marks and citations omitted).

## III.     CONCLUSION

**{16}**     Viewed through the lens of hindsight, Judge Martin recognizes the potential for appearance of impropriety based upon his conduct; therefore, we approve the Stipulation presented by the Commission and Judge Martin to impose a public censure of Judge Martin and his conduct. We issue this censure not only to remind judges of their responsibility to avoid the appearance of impropriety but also to ensure the public that our legal system is committed to maintaining an independent, fair, and impartial judiciary under the law.

**{17}**     For the foregoing reasons, Respondent, Honorable James T. Martin is hereby censured for his willful misconduct, and the Stipulation is accepted, adopted, and confirmed.

**{18}    IT IS SO ORDERED.**

**C. SHANNON BACON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**DAVID K. THOMSON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**